UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

SEP 21 2017

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | Criminal No.: **17 CR 567** |
| v. | : | |
| | : | 18 U.S.C. § 1958 |
| | : | Conspiracy to Commit Murder |
| RONALD DONELL BROWN, | : | for Hire (Count 1) |
| | : | |
| a.k.a. "Nook" or "Nookie," | : | 21 U.S.C. § 848(e) and |
| | : | 18 U.S.C. § 2 |
| CLYDE WILLIAMS, | : | Intentional Killing While Engaged |
| | : | in Drug Trafficking |
| a.k.a. "Pete," and | : | (Count 2) |
| | : | |
| DAVID ROBERTS, | : | 18 U.S.C. § 924(c) and (j) |
| | : | Use, Carry, Brandish, and |
| a.k.a. "Cuz," | : | Discharge a Firearm During and |
| | : | in Relation to a Crime of Violence |
| | : | Causing Death by Murder |
| | : | (Counts 3 and 4) |
| | : | |
| | : | 18 U.S.C. § 1201 |
| Defendants. | : | Kidnapping (Count 5) |
| | : | |
| | : | 18 U.S.C. § 924(c) |
| | : | Use, Carry, Brandish, and |
| | : | Discharge a Firearm During |
| | : | and in Relation to a Crime |
| | : | of Violence (Count 6) |
| | : | |
| | : | 21 U.S.C. § 846 |
| | : | Drug Conspiracy (Count 7) |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1

1. Defendant RONALD DONELL BROWN, a/k/a "Nook" or "Nookie," was the leader and manager of a drug organization that operated out of Houston, Texas, in the Southern District of Texas. Indicted co-conspirator DAVID ROBERTS, a/k/a "Cuz," and other unindicted conspirators, known and unknown to the Grand Jury, participated in the sale, distribution, transport, and trafficking of illegal narcotics, as well as the collection of financial proceeds for this drug organization. The drug conspiracy led by defendant BROWN distributed and trafficked large quantities of cocaine and marijuana.

2. Defendant DAVID ROBERTS, a/k/a "Cuz," was employed as a tractor-trailer operator and, as part of the drug conspiracy, ROBERTS would transport multiple kilogram shipments of cocaine from Houston, Texas to Atlanta, Georgia. ROBERTS would also pick up the proceeds of the drug distributions and sales in Atlanta and transport the proceeds back to Houston, Texas to be delivered to defendant BROWN.

3. Defendant CLYDE WILLIAMS, a/k/a "Pete," was hired by defendant BROWN to murder a drug conspirator, who stole cocaine from defendant BROWN. From in or about April 2014 until on or about July 1, 2014, defendant BROWN met with defendant WILLIAMS to arrange the killing of Marcus Celestine, a former member of defendant BROWN's drug conspiracy. On or about July 1, 2014, at the direction of defendant BROWN, defendant WILLIAMS shot and killed Marcus Celestine in the parking lot of the parole office located at 4949 West 34th Street, Houston, Texas, in the Southern District of Texas. The cause of death was determined to be multiple gunshot wounds and the manner of death was homicide.

4. Beginning in or about 2012 and continuing thereafter to in or about 2016, defendant BROWN unlawfully, knowingly, and intentionally combined, conspired, confederated, and agreed with others, including defendant ROBERTS and others known and unknown to the Grand Jury, to

distribute multiple kilograms of cocaine, a Schedule II controlled substance, in excess of five kilograms or more of cocaine, from Houston, Texas, in the Southern District of Texas, to Atlanta, Georgia, in violation of Title 21, United States Code, Sections 841 and 846.

5. Specifically, defendant BROWN and his co-conspirators would acquire multiple kilograms of cocaine from sources in Mexico and elsewhere. At the direction of defendant BROWN, defendant ROBERTS and other co-conspirators known and unknown to the Grand Jury used their tractor-trailers to possess, distribute, ship and transport cocaine from Houston, Texas to Atlanta, Georgia on at least a weekly basis. Once in Atlanta, defendant ROBERTS and others would deliver the cocaine to persons known to defendant BROWN at locations identified and arranged by defendant BROWN. In exchange for the cocaine, defendant BROWN and others would be given large quantities of U.S. currency. Thereafter, defendant ROBERTS and others would transport the currency from Atlanta to Houston using vehicles, including tractor-trailers. The currency was typically placed into suitcases and duffel bags which were then transported by defendant ROBERTS and others. Once in Houston, Texas, defendant ROBERTS and others delivered the currency and bags containing U. S. currency to defendant BROWN and other co-conspirators known and unknown to the Grand Jury. Defendant BROWN would oversee the operations in both Houston and Atlanta, travelling back and forth on commercial airline flights, sometimes under the alias of Dorsey Robinson and using false identification in the name of Dorsey Robinson. Defendant BROWN would give defendant ROBERTS and other co-conspirators a portion of the currency as payment for their services. Defendant BROWN and other members of his organization derived substantial financial and other benefits from the distribution of cocaine.

6. During the course and in furtherance of this conspiracy, defendant BROWN, defendant WILLIAMS and other members of the drug trafficking organization committed acts of

violence, including murder and assault. Acts and threats of violence were used by defendant BROWN and members of his drug trafficking organization to promote, protect, and perpetuate their illegal drug trafficking activities and to enhance their reputation and status as an organization to be feared.

7. During the course and in furtherance of this conspiracy, defendant BROWN used acts and threats of violence to secure the loyalty and obedience of other members of the conspiracy and to punish those whom he considered disloyal or disobedient. Members of the conspiracy committed acts of violence to enhance their position within defendant BROWN's organization and to prove to defendant BROWN that they were capable of defending and protecting the organization, even against members of the organization who acted against the interests of the organization.

8. Defendant BROWN, defendant WILLIAMS, and other members of the BROWN drug trafficking conspiracy acquired, used, carried, and possessed firearms, including an FN firearm, to protect themselves, their drugs and drug proceeds, and to intimidate and assault and kill suppliers, rivals and other unindicted co-conspirators in connection with their drug trafficking activities.

## COUNT ONE

### Conspiracy to Commit Murder for Hire
### 18 U.S.C. § 1958

1. The Grand Jury re-alleges and incorporates by reference the General Allegations section contained above, as if fully set forth herein.

2. Between in or about April 2014 until on or about July 1, 2014, in Houston, Texas, in the Southern District of Texas, and elsewhere, defendants

**RONALD DONELL BROWN**
a/k/a/ "Nook" or "Nookie"

and

**CLYDE WILLIAMS, a/k/a "Pete,"**

did conspire with one another and others known and unknown to the Grand Jury to use or cause another to use facilities of interstate or foreign commerce, including, but not limited to, automobiles, firearms and cellular telephones, with the intent that a murder be committed in violation of the laws of the State of Texas and of the United States as consideration for the receipt of, or as consideration of a promise or agreement to pay, anything of pecuniary value, resulting in the death of Marcus Celestine, in violation of Title 18, United States Code, Section 1958.

### OBJECT OF THE CONSPIRACY

The purpose and object of the conspiracy was to commission the murder of and, in fact, to murder Marcus Celestine, as punishment for Marcus Celestine stealing drugs, including cocaine, and/or monies gained from the sale of cocaine from defendant BROWN.

### WAYS, MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the foregoing objectives of the conspiracy to commit murder-for-hire were to be accomplished included, but were not limited to, the following:

1. It was part of the conspiracy that defendant BROWN combined, conspired, and contracted with defendant WILLIAMS and others to cause the death of Marcus Celestine by forming a plan whereby defendant WILLIAMS would murder Marcus Celestine by shooting him with a firearm provided by defendant BROWN.

2. It was part of the conspiracy that defendant BROWN arranged for the time, place, and cause of the death of Marcus Celestine, as well as the role that defendant BROWN, defendant WILLIAMS, and others would play in accomplishing the purposes of the conspiracy.

3. It was further part of the conspiracy that defendant BROWN agreed to give defendant WILLIAMS at least $20,000.00 of U.S. currency, as payment for carrying out the murder of Marcus Celestine.

4. It was further part of the conspiracy that defendant BROWN, defendant WILLIAMS, and other conspirators used interstate commerce and facilities, including telephones, to communicate with one another and to coordinate the details and plans for the murder of Marcus Celestine.

5. It was further part of the conspiracy that defendant BROWN, defendant WILLIAMS, and other conspirators used interstate commerce and automobiles to travel on interstate and other public roadways to meetings to discuss the murder-for-hire plan and used automobiles on interstate and other public roadways to travel to the location of the murder of Marcus Celestine.

6. It was further part of the conspiracy that defendant BROWN traveled from Atlanta, Georgia to Houston, Texas, when he became aware that Marcus Celestine and another person in the drug conspiracy were involved in the robbery of cocaine from defendant ROBERTS. Defendant BROWN traveled by interstate commerce, specifically using an interstate commercial

airline flight to return to Houston, to begin to plan the subsequent attacks on Marcus Celestine and E.W.

7.     It was further part of the conspiracy that defendant BROWN arranged for defendant WILLIAMS to use a firearm possessed by defendant BROWN that traveled in interstate commerce. Defendant BROWN supplied defendant WILLIAMS with the FN firearm used to kill Marcus Celestine.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish one or more of the purposes thereof, the following overt acts, among others, were committed in the Southern District of Texas and elsewhere:

1.     From in or about 2012 until in or about 2016, defendant BROWN ran a drug organization that would purchase multiple kilogram quantities of cocaine, a Schedule II controlled substance, and distribute the cocaine in Houston, in the Southern District of Texas, and elsewhere, including Atlanta, Georgia. The total amount of cocaine distributed by the organization at the direction and control of defendant BROWN was well in excess of 5 kilograms or more of cocaine and was, in fact, in excess of 100 kilograms of cocaine.

2.     On or about August 3, 2013, a shipment of drug proceeds in the amount of approximately $718,000 was seized from a vehicle being driven by a person known to the Grand Jury, who worked as a tractor-trailer driver for defendant BROWN, transporting and distributing drugs and U.S. currency.

3.     On or about December 23, 2013, in Atlanta Georgia, a shipment of cocaine, in excess of approximately 24 kilograms of cocaine, was seized by an off-duty Drug Enforcement Administration agent, who witnessed Marcus Celestine transfer the cocaine from his vehicle to a

vehicle driven by defendant BROWN's main connection in Atlanta, Ricky Nuckles. Those drugs were shipped from Houston to Atlanta at the direction of defendant BROWN.

4. In or about mid-April 2014, defendant ROBERTS was planning on taking a shipment of multiple kilograms of cocaine from Houston to Atlanta on behalf of defendant BROWN.

5. In or about mid-April 2014, when defendant ROBERTS received two large duffel bags filled with kilograms of cocaine from E.W. (a co-conspirator of defendant BROWN in Houston), defendant ROBERTS was robbed by another man, later identified by ROBERTS to be Marcus Celestine.

6. In or about late April 2014, defendant BROWN concluded that E.W. and Marcus Celestine stole the multiple kilograms of cocaine from defendant ROBERTS and defendant BROWN began to assemble a plan to kill both men for stealing BROWN's cocaine.

7. On or about April 23, 2014, at 9715 Bertwood Street, Houston, Texas, a residence owned by defendant BROWN's co-conspirator, defendant BROWN and other conspirators known and unknown to the Grand Jury kidnapped E.W. by using zip ties to bind E.W.'s hands and feet and put him in the trunk of a vehicle to be driven to another location to be assaulted and murdered.

8. On or about April 23, 2014, while being transported in the trunk of a vehicle from defendant BROWN's residence to another undisclosed location, E.W. broke free of the bindings, jumped out of the trunk of the vehicle, and ran down Tidwell, a public roadway in Houston, Texas, seeking assistance.

9. On or about April 23, 2014, R.G., an unrelated passerby driving another vehicle on Tidwell, saw E.W. in the street and picked up E.W. in R.G.'s vehicle in hopes of transporting E.W. to safety.

10. On or about April 23, 2014, defendant BROWN and another person known to the Grand Jury pursued the vehicle driven by R.G. Defendant BROWN repeatedly fired a firearm at R.G. and E.W. from a short distance, striking R.G. in the upper body and E.W. in the head. Both men survived the attempted deadly assault.

11. After his failed attempt to kill E.W., defendant BROWN turned his attention to killing Marcus Celestine.

12. In or about May and June 2014, defendant BROWN met with defendant WILLIAMS and several other members of the drug organization known to the Grand Jury at several locations within the Southern District of Texas, to further discuss the murder of Marcus Celestine. During these meetings, defendant BROWN showed photographs of Marcus Celestine to defendant WILLIAMS and others.

13. In or about May and June 2014, defendant BROWN agreed to pay defendant WILLIAMS at least $20,000 in United States currency for carrying out the murder of Marcus Celestine.

14. In or about June 2014, defendant BROWN provided an FN handgun, a firearm that was manufactured outside the State of Texas, to defendant WILLIAMS to be used to murder Marcus Celestine.

15. On or about June 10, 2014, defendant BROWN contacted his Parole Officer, J.W., to inquire about the date, time, and location of Marcus Celestine's next appointment with the Office of Probation and Parole. Although unauthorized to do so, J.W. told defendant BROWN that Marcus Celestine was scheduled to meet with his Parole Officer at the Houston One District Parole Office located at 4949 West 34th Street, Houston, Texas, in the Southern District of Texas, on the morning of July 1, 2014.

16. In or about mid to late June 2014, defendant BROWN informed defendant WILLIAMS of Celestine's parole meeting on or about July 1, 2014.

17. On or about July 1, 2014, defendant WILLIAMS, at the direction of defendant BROWN, drove a Ford Taurus to the Houston One District Parole Office located at 4949 West 34th Street, Houston, Texas, in the Southern District of Texas, to shoot and kill Marcus Celestine with the handgun provided by defendant BROWN.

18. On or about July 1, 2014, using the firearm provided by defendant BROWN and according to the plan created by defendant BROWN, defendant WILLIAMS repeatedly shot and killed Marcus Celestine, after Celestine returned to his vehicle following his meeting at the Parole Office. Defendant WILLIAMS fired a number of shots at Marcus Celestine, as Celestine sat in the driver's seat of his vehicle. Defendant WILLIAMS momentarily walked away but quickly returned and fired several more shots at Marcus Celestine from a close range.

19. Marcus Celestine died on the scene in the parking lot of the Parole Office from multiple gunshot wounds, totaling in excess of ten bullet holes to his body. The police recovered at least nine (9) shell casings on the scene. An autopsy determined that the cause of Marcus Celestine's death was multiple gunshot wounds and the manner of death was homicide.

20. On or about July 1, 2014, defendant WILLIAMS and another associate known to the Grand Jury met defendant BROWN, at a location on Highway 6 in the Southern District of Texas, where defendant BROWN provided defendant WILLIAMS with approximately $20,000.00 in U. S. currency for carrying out the murder of Marcus Celestine.

21. On or about November 20, 2015, defendant BROWN was arrested in Atlanta, Georgia, for the assault on E.W. and was in possession of approximately $350,000 in U.S. currency.

(In violation of Title 18, United States Code, Section 1958.)

## COUNT TWO

### Intentional Killing while Engaged in Drug Trafficking
### 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2

1. The Grand Jury re-alleges and incorporates by reference the General Allegations section contained above, as if fully set forth herein.

2. The Grand Jury alleges and incorporates by reference the Overt Acts listed in Count One of this Indictment.

3. On or about July 1, 2014, in Houston, Texas, in the Southern District of Texas, and elsewhere, defendants

**RONALD DONELL BROWN,**
a/k/a/ "Nook" or "Nookie"

**and**

**CLYDE WILLIAMS, a/k/a "Pete,"**

together with others known and unknown to the Grand Jury, while engaging in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A), relating to a conspiracy to distribute and possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, did knowingly, intentionally, and unlawfully kill and counsel, command, induce, procure, and cause the intentional killing of Marcus Celestine, and such killing resulted, and did aid, abet, and assist others in the commission of said offense.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2.)

## COUNT THREE

### Use, Carry, Brandish, and Discharge a Firearm During and in Relation to a Crime of Violence Causing Death by Murder
### 18 U.S.C. § 924 (c) and (j) and 18 U.S.C. § 2

1. The Grand Jury re-alleges and incorporates by reference the General Allegations section above and the Overt Acts alleged in Count One, as if fully set forth herein.

2. On or about July 1, 2014, in the Southern District of Texas, defendants

**RONALD DONELL BROWN,**
a/k/a/ "Nook" or "Nookie"

and

**CLYDE WILLIAMS, a/k/a "Pete,"**

did aid and abet each other and did knowingly use, carry, brandish, and discharge a firearm, namely an FN firearm, during and in relation to a crime of violence for which defendant BROWN and defendant WILLIAMS may be prosecuted in a court of the United States (namely the conspiracy to commit murder for hire of Marcus Celestine, as set forth in Count One of this Indictment, which is re-alleged and incorporated by reference herein), causing the death of Marcus Celestine by the use of the firearm, and did, in furtherance, knowingly possess the firearm.

(In violation of Title 18, United States Code, Section 924(c) and (j)).

## COUNT FOUR

### Use, Carry, Brandish, and Discharge a Firearm During and in Relation to a Crime of Violence Causing Death by Murder
### 18 U.S.C. § 924 (c) and (j) and 18 U.S.C. § 2

1. The Grand Jury re-alleges and incorporates by reference the General Allegations section above and the Overt Acts alleged in Count One, as if fully set forth herein.

2. On or about July 1, 2014, in the Southern District of Texas, defendants

**RONALD DONELL BROWN,**
a/k/a/ "Nook"or "Nookie"

and

**CLYDE WILLIAMS, a/k/a "Pete,"**

did aid and abet each other and did knowingly use, carry, brandish, and discharge a firearm, namely an FN firearm, during and in relation to a crime of violence for which defendant BROWN and defendant WILLIAMS may be prosecuted in a court of the United States (namely the murder and intentional killing of Marcus Celestine, as set forth in Count Two of this Indictment, which is re-alleged and incorporated by reference herein), causing the death of Marcus Celestine by the use of the firearm, and did, in furtherance, knowingly possess the firearm.

(In violation of Title 18, United States Code, Section 924(c) and (j)).

## COUNT FIVE

### Kidnapping
### 18 U.S.C. § 1201 and 18 U.S.C. § 2

1.　The Grand Jury re-alleges and incorporates by reference the General Allegations section contained above and the Overt Acts alleged in Count One as if fully set forth herein.

2.　On or about April 23, 2014, in Houston, Texas, in the Southern District of Texas and elsewhere, defendant

**RONALD DONELL BROWN,**
a/k/a/ "Nook" or "Nookie"

did unlawfully and knowingly seize, confine, kidnap, abduct, and carry away and transport E.W. without E.W.'s consent and hold E.W. for any purpose and did use any means, facility, or instrumentality of interstate or foreign commerce, in particular automobiles, roadways and cellular telephones, in committing or in furtherance of the commission of this offense and did aid and abet others in the commission of said offense.

(In violation of Title 18, United States Code, Section 1201 and Title 18, United States Code, Section 2).

## COUNT SIX

### Use, Carry, Brandish, and Discharge a Firearm
### During and in Relation to a Crime of Violence
### 18 U.S.C. § 924 (c) and 18 U.S.C. § 2

1.   The Grand Jury re-alleges and incorporates by reference the General Allegations section contained above and the Overt Acts alleged in Count One, as if fully set forth herein.

2.   On or about April 23, 2014, in the Southern District of Texas, defendant

**RONALD DONELL BROWN,**
a/k/a/ "Nook" or "Nookie"

did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States (namely kidnapping as charged in Count Five of this Indictment) and did, in furtherance of the crime, knowingly possess the firearm and did aid and abet others in the commission of said offense.

(In violation of Title 18, United States Code, Section 924(c) and Title 18, United States Code, Section 2).

## COUNT SEVEN

**Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine**
**21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846**

1. The Grand Jury re-alleges and incorporates by reference the General Allegations section contained above and the Overt Acts alleged in Count One, as if fully set forth herein.

2. From in or about January 2012, and continuing to in or about January 2016, in Houston, Texas, in the Southern District of Texas, and elsewhere, defendants

**RONALD DONELL BROWN,**
a/k/a/ "Nook" or "Nookie"

**and**

**DAVID ROBERTS, a/k/a "Cuz,"**

knowingly and intentionally combined, conspired, confederated and agreed together and with others known and unknown to the Grand Jury to distribute and possess with the intent to distribute a controlled substance, that is five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, §§ 841(a)(1) & (b)(1)(A) and 846.)

## NOTICE OF SPECIAL FINDINGS

THE GRAND JURY FURTHER CHARGES THAT:

1. The grand jury re-alleges and incorporates by reference the General Allegations section contained above as well as the allegations set forth in Counts One, Two, Three and Four above, as if fully set forth herein.

2. The defendant, RONALD DONELL BROWN, a/k/a/ "Nook" or "Nookie":

   a. was 18 years of age or older at the time of the offense charged herein;

   b. intentionally participated in an act, contemplating that the life of Marcus Celestine would be taken or intending that lethal force would be used in connection with Marcus Celestine and Marcus Celestine died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

   c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to Marcus Celestine, such that participation in the act constituted a reckless disregard for human life and that Marcus Celestine died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

   d. procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(7)); and

    e.    committed the offense after substantial planning and premeditation

(Title 18, United States Code, Section 3592(c)(9)).

ORIGINAL SIGNATURE ON FILE

_____
FOREPERSON OF THE GRAND JURY

9/21/2017
_____
DATE

Abe Martinez
Acting United States Attorney
Southern District of Texas

*[signature]*
Steven D. Mellin
Sebastian Edwards
Assistant United States Attorneys
Southern District of Texas

Teresa Polinske
Trial Attorney, Capital Case Section
Washington, D.C.